UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY S. SUNDSTROM,
        Plaintiff,

                                No. 1:07-cv-189

-v-

                                HONORABLE PAUL L. MALONEY

SUN LIFE ASSURANCE COMPANY
OF CANADA,
        Defendant.

## OPINION AND ORDER AFFIRMING DEFENDANT'S DENIAL OF BENEFITS

Plaintiff Nancy Sundstrom filed a complaint in the Circuit Court for Kent County, Michigan. The complaint alleged two counts, one for breach of contract and one for estoppel. The claims arose from a group life insurance policy held by Plaintiff's husband, while he was employed by Defendant Spartan Stores. The policy was issued by Defendant Sun Life. Defendant Spartan Stores timely removed the action to federal court on the basis that the insurance policy is an employee benefit plan as defined in the Employee Retirement Income Security Act of 1974 (ERISA).[1] This court has jurisdiction over the complaint under 28 U.S.C. § 1331.

Because this claim involves the denial of employee benefits under ERISA, the claim is governed by the procedures outlined in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998). ERISA actions like this are not subject to the procedures for summary judgment or bench trials, including discovery, rather courts review the determination of benefits based solely on the administrative record. *See Id.* at 618-19. As instructed by the case management order (Dkt. No. 14), Defendant Sun Life filed the administrative record (Dkt. No. 17). Plaintiff Sundstrom filed

---

[1] Defendant Spartan Stores has since been dismissed as being an improper party to the action. (Dkt. No. 14.)

her initial brief. (Dkt. No. 15.) Defendant Sun Life filed its response. (Dkt. No. 16.) Plaintiff filed a reply. (Dkt. No. 18.) The court has reviewed the administrative record, the briefs submitted by the parties, and relevant legal authority.

STANDARD OF REVIEW

In actions challenging a denial of benefits under ERISA, courts employ a *de novo* standard of review, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see Wilkins*, 150 F.3d at 613 (citing *Firestone*). When a plan administrator has discretionary authority to determine benefits, the administrator's decision is reviewed under the "highly deferential arbitrary and capricious standard of review." *McDonald v. W.-S. Life Ins. Co.*, 347 F.3d 161, 168 (6th Cir. 2003) (quoting *Sanford v. Harvard Indus., Inc.*, 262 F.3d 590, 595 (6th Cir. 2001) (quoting *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996))); *see Osborn v. Hartford Life and Accident Ins. Co.*, 465 F.3d 296, 299 (6th Cir. 2006) (involving an interpretation of a term in an insurance policy when the plan administrator had discretion and authority to determine eligibility for benefits and the term and provisions of the policy); *Moon v. Unum Provident Corp.*, 405 F.3d 373, 379-82 (6th Cir. 2005) (involving a review of the medical evidence supporting the plan administrator's decision).

> "[T]he arbitrary and capricious standard is the least demanding form of judicial review of administrative action. When applying the arbitrary and capricious standard, the Court must decide whether the plan administrator's decision was rational in light of the plan's provisions. Stated differently, when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious."

*McDonald*, 347 F.3d at 169 (quoting *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000) (internal citations and quotations omitted)). The Sixth Circuit Court of Appeals cautioned such

review

> is not, however, without some teeth. Deferential review is not no review, and deference need not be abject. . . . [T]he district court ha[s] an obligation under ERISA to review the administrative record in order to determine whether the plan administrator acted arbitrarily and capriciously in making ERISA benefits determinations. This obligation inherently includes some review of the quality and quantity of the [] evidence and the opinions on both sides of the issues. Otherwise, courts would be rendered to nothing more than rubber stamps for any plan administrator's decision as long as the plan was able to find a single piece of evidence - no matter how obscure or untrustworthy - to support a denial of a claim for ERISA benefits.

*Id.* at 172 (citations and quotation marks omitted, alterations added). A court must review not just the decision rendered by the plan administrator, but also the reasoning which led to the decision. *Metro. Life. Ins. Co. v. Conger*, 474 F.3d 258, 264 (6th Cir. 2007); *see also Glenn v. MetLife*, 461 F.3d 660, 672 (6th Cir. 2006) ("[T]he court's role is to review the basis for the decision that was actually made by the plan administrator, not to provide an adequate basis where none was offered.").

ANALYSIS

The parties agree this court reviews the denial of eligibility benefits under the arbitrary and capricious standard. (Pl. Br. 3; Def. Br., 10-11.) Plaintiff, however, asserts a conflict of interest exists because Sun Life both makes the determination of eligibility and must pay any benefits. Spartan, not Sun Life was the plan administrator. (Administrative R. 104.) However, under the provisions of the policy, the plan administrator delegated to Sun Life

> its entire discretionary authority to make all final determinations regarding claims for benefits under the benefit plan insured by this policy. This discretionary authority includes, but is not limited to, the determination of eligibility for benefits, based upon enrollment information provided by the Policyholder, and the amount of any benefits due, and to construe the terms of this Policy.

(*Id.* 42.) When a single entity makes the determination of eligibility and pays those benefits out of its own pocket, a conflict of interest exists. *Cox v. Standard Ins. Co.*, 584 F.3d 295, 299 (6th Cir.

2009) . When such a conflict exists, courts weigh the conflict as a factor in determining whether there was an abuse of discretion. *Metro. Life Ins. Co. v. Glenn*, ___ U.S. ___, 128 S.Ct. 2343, 2348 (2008) (quoting *Firestone*, 489 U.S. at 115); *see also Cox*, 585 F.3d at 299 ("In close cases, courts must consider that conflict as one factor among several in determining whether the plan administrator abused its discretion in denying benefits." (citing *Metro Life*)).

## UNDISPUTED FACTS

The following facts are not in dispute. Donald Sundstrom, Plaintiff's husband, worked for Spartan Stores, where he was covered by a group life insurance policy. Mr. Sundstrom suffered from cancer and his last day of work with Spartan Stores was March 16, 2005. Mr. Sundstrom passed away on May 4, 2006. Under the terms of the group life policy, Mr. Sundstrom remained covered by the policy until March 16, 2006, one year after the date of his last day of work. (Administrative R. 34, 111.) The policy contained a provision (the "Conversion Privilege") for converting the group policy to an individual policy.

> Application for the Individual Policy
> 1. written applications must be made to Sun Life along with payment of the first premium, within the 31 day period (the 31 day conversion period) following the date the insurance ceases or reduces. If the Employee is not given notice by the Employer of this conversion privilege within 15 days following the date his insurance ceases or reduces, the Employee shall have an additional 15 days to exercise this conversion privilege. In no event will this conversion privilege be extended beyond 60 days following the 31 day conversion period.

(*Id.* 25.) The policy also anticipated the possibility that an employee might pass away during conversion period, and included a provision for that situation.

> Death Within 31 Days
>
> If the Employee dies during the 31 day conversion period, a benefit will be paid upon receipt of Notice and Proof of Claim, whether or not application for the individual

4

policy or payment of the first premium has been made. The benefit is the amount of Life Insurance the Employee would have been eligible to convert.

(*Id.*)

Plaintiff made the first claim for her husband's benefits on May 18, 2006. (Administrative R. 205-09.) Defendant Sun Life denied the claim on June 21, 2006. (*Id.* 191-93.) In the letter denying benefits, Defendant explained Mr. Sundstrom did not convert his group policy within one year of his last day of work. (*Id.* 192.) On August 14, 2006, Plaintiff appealed the decision. (*Id.* 138.) Plaintiff explained the policy allowed 60 days to convert the policy if the employer did not inform him of the conversion privilege.[2] (*Id.*) On September 28, 2006, Defendant denied the appeal, reiterating that Mr. Sundstrom had 31 days from March 16, 2006 to convert his group policy. (*Id.* 130-31.) Because he did not convert the policy within the conversion period, the claim was denied. (*Id.*)

On October 18, 2006, Plaintiff's counsel sent another letter to Defendant Sun Life. (*Id.*, 126-27.) In the letter, Plaintiff's counsel asserts, because Mr. Sundstrom was not given notice by his employer of the conversion privilege, he had 91 days to convert the policy, under the "Application for the Individual Policy" provision of the policy. (*Id.*, 127.) On November 14, 2006, Defendant Sun Life reaffirmed its earlier decisions denying the requested benefits. (*Id.* 111-12.) Defendant explained, on the assumption that Mr. Sundstrom did not receive notice of his right to convert the group policy, the conversion period would have been extended 15 days from April 16 to May 1, 2006. (*Id.* 111.) Because Mr. Sundstrom passed away on May 4, his estate was not entitled to the requested benefits. (*Id.*) Defendant Sun Life also asserted that only Mr. Sundstrom, and not his

---

[2]On August 22, 2006, Plaintiff's counsel sent a letter to Spartan Stores and Defendant Sun Life asserting the same argument. (Administrative R. 135-36.)

beneficiaries, had the right to convert the policy. (*Id.* 111-12.)

## RESOLUTION OF CONTESTED ISSUES

Plaintiff asserts her husband is entitled to benefits under the policy. Plaintiff argues the phrase "the 31 day conversion period" is a phrase defined in the policy. Under the "Death Within 31 Days" provision of the policy, her husband passed away within "the 31 day conversion period." Plaintiff asserts there are 3 different conversion periods provided for under the "Application for the Individual Policy" provision. The first 31 day conversion period is the 31 days after the date the insurance policy ceases or reduces. The second 31 day conversion period is the first 31 days, plus an additional 15 days which is added when the employer does not give the employee notice of the first period. The third 31 day conversion period is the first 31 days, plus an additional 60 days. Plaintiff asserts the phrase "the 31 day conversion period" refers to all three of these periods.

Defendant Sun Life's decision to deny benefits under the "Death Within 31 Days" provision was not arbitrary or capricious. After Plaintiff appealed the initial denial, Defendant reached a reasonable conclusion when it interpreted the phrase "the 31 day conversion period" to mean the 31 day period following the date the insurance ceases or reduces. Defendant also reached a reasonable conclusion when it construed the "Death Within 31 Days" provision as authorizing payment of benefits only when the beneficiary passes during the first 31 days following the date on which the insurance ceases or reduces. Mr. Sundstrom passed away more than 31 days after March 14, 2006, therefore his estate was not eligible for benefits under the "Death Within 31 Days" provision.

In order to prevail under the Conversion Privilege provision, Plaintiff must have *both* the right to convert Mr. Sundstrom's group policy to an individual policy *and* there must be some circumstances, applicable in this case, which extends the conversion period for 60 days after the

initial 31 days following the date on which the insurance policy ceased or reduced. It is beyond dispute that Mr. Sundstrom never sought to convert his group life policy to an individual policy. In addition, whether Mr. Sundstrom failed to receive notice of the conversion period from his employer, and thus was afforded an additional 15 days beyond the initial 31, is irrelevant.[3] It is undisputed that he passed away 3 days after the addition 15 day period expired.[4]

Because Plaintiff cannot establish the first fact, that she had a right to convert her husband's group policy to an individual one, she cannot prevail. As explained by Defendant in its November 14 letter, the conversion privilege in the policy provides that "[i]f all or part of an Employee's Life Insurance ceases or reduces due to" "termination of his employment" the "[e]mployee may apply for an individual policy on his own life up to the amount that ceased." (Administrative R. 24.) According to the plain, unambiguous terms of the policy, Mr. Sundstrom, not his beneficiary, must convert the policy. Defendant's conclusion here was reasonable and definitely supported by the terms of the policy.

CONCLUSION

Defendant's Sun Life's decision to deny benefits under the group life policy was reasonable. Plaintiff has not established that the decision to deny benefits was arbitrary or capricious. Mr. Sundstrom did not pass within the 31 days following the date on which the insurance ceased or

---

[3]Defendant assumes Mr. Sundstrom received notice of the conversion period because he was given an employee handbook where the conversion period, and its consequences, are explained. As Defendant has not presented any evidence that Mr. Sundstrom received the employee handbook, for the purpose of this appeal, the court will assume Mr. Sundstrom did not receive notice of the conversion period.

[4]The group insurance policy ceased on March 16, 2006. The 31 day conversion period ended on April 16, 2006. An additional 15 day period would have expired on May 1, 2006. Mr. Sundstrom passed on May 4.

reduced. Mr. Sundstrom never converted the group policy to an individual one before he passed.

## ORDER

For the reasons provided in the accompanying opinion, Defendant Sun Life Assurance Company's denial of benefits is **AFFIRMED.  IT IS SO ORDERED.**

Date:   January 26, 2010              /s/ Paul L. Maloney
                                                                      Paul L. Maloney
                                                                       Chief United States District Judge